## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District   Southern District of Florida |
|---|---|
| Name (under which you were convicted):<br>ANTONIO GUERRERO | Docket or Case No.:<br>98-721-CR-LENARD |
| Place of Confinement:<br>FCI FLORENCE | Prisoner No.:<br>58741-004 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br><br>ANTONIO GUERRERO |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Southern District of Florida
    400 North Miami Avenue
    Miami, FL  33128

    (b) Criminal docket or case number (if you know):  98-721-CR-LENARD

2.  (a) Date of the judgment of conviction (if you know):  6/8/2001

    (b) Date of sentencing:  10/13/2009

3.  Length of sentence:  262 months

4.  Nature of crime (all counts):

    18 U.S.C. § 794; Conspiracy to Gather, Deliver Information
    18 U.S.C. § 951; Acting as Agent of Foreign Governments
    18 U.S.C. § 371; Conspiracy to Defraud the United States

5.  (a) What was your plea? (Check one)

    (1)   Not guilty  ☑        (2)   Guilty  ☐        (3)   Nolo contendere (no contest)  ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury  ☑        Judge only  ☐

7.   Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ☐      No ☑

8.   Did you appeal from the judgment of conviction?      Yes ☑      No ☐

9.   If you did appeal, answer the following:

(a) Name of court:  Eleventh Circuit Court of Appeals

(b) Docket or case number (if you know):  01-17176-B, 03-11087-B

(c) Result:  Affirmed

(d) Date of result (if you know):  6/4/2008

(e) Citation to the case (if you know):  U.S. v. Campa, 529 F.3d 980 (11th Cir. June 4, 2008)

(f) Grounds raised:

Multiple grounds, including an appeal from the denial of a motion for new trial based on newly
discovered evidence, were raised as stated by the appellate court in:

U.S. v. Campa, 419 F.3d 1219 (11th Cir. Aug. 9, 2005); U.S. v. Campa, 459 F.3d 1121 (11th Cir.
Aug. 9, 2006) (en banc); U.S. v. Campa, 529 F.3d 980 (11th Cir. June 4, 2008)

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☑  No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):  08-987

(2) Result:

Denied

(3) Date of result (if you know):  6/15/2009

(4) Citation to the case (if you know):  Campa v. U.S., 129 S.Ct. 2790

(5) Grounds raised:

1. Did the Eleventh Circuit apply an erroneous legal standard in holding
that petitioners did not establish a right to a change of venue?
2. Does a party's failure to use all of its peremptory strikes to strike
all minority members of the juror per se preclude a prima facie challenge
under Batson v. Kentucky?

10.  Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ☑  No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  U.S. District Court, S.D. Fla.

(2) Docket or case number (if you know):  same as criminal docket number

(3) Date of filing (if you know):  11/13/2002

(4) Nature of the proceeding:   Rule 33 motion for new trial due to newly discovered evidence

(5) Grounds raised:

Newly discovered evidence relating to venue compels granting a new trial.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ☑

(7) Result:   Denied

(8) Date of result (if you know):   2/13/2003

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ☑   No ❑

(2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Violation of Fifth Amendment Due Process Clause and Sixth Amendment Jury Clauses

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The movant was denied due process of law because before, during and after the indictment and trial, the government surreptitiously funded a highly inculpatory, anti-Cuba propaganda campaign in the community in which the defendants were tried.

NOTE:   PLEASE SEE ATTACHED ADDENDUM

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 

 

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

 

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 

 

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

 

 

 

**GROUND TWO**:

 Violation of Fifth Amendment Due Process and Sixth Amendment Counsel Clauses

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The government violated movant's rights of due process and to a fair trial, and furthermore undermined the constitutionally effective assistance of movant's counsel, when it failed to disclose material exculpatory evidence.

NOTE:   PLEASE SEE ATTACHED ADDENDUM

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:


**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

   (b)  **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?

          Yes ❑   No ❑

       (2) If you did not raise this issue in your direct appeal, explain why:


   (c) **Post-Conviction Proceedings:**

       (1) Did you raise this issue in any post-conviction motion, petition, or application?

          Yes ❑   No ❑

       (2) If your answer to Question (c)(1) is "Yes," state:

     Type of motion or petition:

     Name and location of the court where the motion or petition was filed:


     Docket or case number (if you know):

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):


       (3) Did you receive a hearing on your motion, petition, or application?

          Yes ❑   No ❑

       (4) Did you appeal from the denial of your motion, petition, or application?

          Yes ❑   No ❑

       (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

          Yes ❑   No ❑

       (6) If your answer to Question (c)(4) is "Yes," state:

     Name and location of the court where the appeal was filed:


     Docket or case number (if you know):

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
  Jack R. Blumenfeld, 9130 S. Dadeland Blvd., Ste 1200, Miami, FL 33156
(b) At arraignment and plea:
  Jack R. Blumenfeld, 9130 S. Dadeland Blvd., Ste 1200, Miami, FL 33156
(c) At trial:
  Jack R. Blumenfeld, 9130 S. Dadeland Blvd., Ste 1200, Miami, FL 33156
(d) At sentencing:
  Jack R. Blumenfeld, 9130 S. Dadeland Blvd., Ste 1200, Miami, FL 33156

(e) On appeal:

   Leonard I. Weinglass, 6 W. 20th Street, Ste 10A, New York, NY 10011-9263

(f) In any post-conviction proceeding:

   Leonard I. Weinglass, 6 W. 20th Street, Ste 10A, New York, NY 10011-9263

(g) On appeal from any ruling against you in a post-conviction proceeding:

   Leonard I. Weinglass, 6 W. 20th Street, Ste 10A, New York, NY 10011-9263

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The judgment of conviction became final less than one year ago, on November 3, 2009.  The motion is therefore timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

WHEREFORE, based on the claims stated herein and in the attached addendum, the movant, Antonio Guerrero, respectfully asks that the Court grant relief under 28 U.S.C. § 2255 by vacating his convictions and sentence or, alternatively, conditionally vacating his convictions upon the government's right to proceed with a new trial, and that the Court grant any other relief to which movant may be entitled.

Respectfully submitted,

/s/ *John E. Bergendahl*
John E. Bergendahl
Fla. Bar No. 327761
Counsel for Antonio Guerrero
LAW OFFICES OF JOHN E. BERGENDAHL
Ingraham Building
25 S.E. 2nd Avenue, Suite 1105
Miami, Florida 33131
Tel. (305) 536-2168
Fax (305) 536-2170
E-Mail  lojeb@bellsouth.nert

/s/ *Leonard I. Weinglass*
Leonard I. Weinglass
Counsel for Antonio Guerrero
Applying to appear *pro hac vice*
6 West 20th Street, Suite 10A
New York, NY 10011
Tel. (212) 807-8646
Fax (212) 242-2120
E-mail  weinlen@earthlink.net

Dated:  November 2, 2010

## <u>ADDENDUM  STATING  28 U.S.C. § 2255  CLAIMS</u>

I.   **The movant was denied due process of law because before, during and after the indictment and trial, the government surreptitiously funded a highly inculpatory, anti-Cuba propaganda campaign in the community in which the defendants were tried**.

    (A)   The government violated movant's right to due process of law by secretly paying highly influential journalists in the trial venue to deliver government sponsored information attacking the Cuban government, including in relation to the allegations underlying this case, in the guise of objective journalism.

    (B)   The movant was denied due process of law because government-funded media inculpated the defendants by, among other things, purporting to link the defendants to myriad Cuban conspiracies–fictitious and otherwise–and highlighting and/or misrepresenting purported evidence against the defendants.

    (C)   The movant was denied due process of law because government-funded media published prejudicial evidence that the district court ruled was inadmissible.

    (D)   The movant was denied due process of law because the government's propaganda campaign was both prejudicial and inflammatory.

    (E)   The government's misconduct undermined the fundamental structure of movant's trial and movant's convictions must thus be vacated.

    (F)   The government's misconduct created an unconstitutional probability that the movant was deprived of a fair trial.

II.   **The government violated movant's rights of due process and to a fair trial, and furthermore undermined the constitutionally effective assistance of movant's counsel, when it failed to disclose material exculpatory evidence.**

The material exculpatory evidence withheld by the government included, but was not limited to:

    (A)   Materials relating to the government's and government agencies' knowledge Cuba's operation of information gathering missions and of the absence of an espionage role for "La Red Avispa," in contrast to other Cuban operations, such that the government knew that any incidental acquisition of information

1a

with any degree of actual protection was outside the scope of "La Red Avispa."

(B)     The full content and scope of high-frequency messages, including additional messages themselves and high-frequency messages reflecting on movant's lack of intent to violate the law.

(C)     Materials relating to the government's inability to recover and translate additional transmissions that left gaps in the communication history.

(D)     Material excluded under CIPA procedures, over movant's objection, in *ex parte* misstatements of the nature of the disputed issues at trial and without acknowledgment of the relevance of such materials to either conviction or sentencing, where the large volume of classified information involved in this prosecution made it impossible for the movant to develop such information in the face of the government's CIPA opposition. Because movant and counsel for movant (who had received the appropriate security clearance to review the classified information) were excluded from the proceedings, movant was deprived of the constitutional right to present a defense because he was denied the opportunity to identify and seek to introduce classified materials that were favorable to the defense at trial and at sentencing.

(E)     Notwithstanding well-established *Brady* obligations, and based on its abuse of the CIPA process, the government failed to provide discovery or inform the movant of the existence of the large number of high frequency messages (over 300) and other classified communications, many of which were favorable to movant at trial and sentencing.